UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE M. CLARK,

    Movant,                                      Case No. 1:04-cr-223

v                                                     HON. JANET T. NEFF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION

Pending before this Court is Tyrone M. Clark's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by the Honorable David W. McKeague on April 5, 2005. This matter was transferred to the undersigned on April 1, 2008, pursuant to Administrative Order No. 07-091. For the reasons that follow, the Court denies the motion.

I

On November 24, 2004, Clark pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of an unspecified amount of cocaine base (crack cocaine) in violation of 21 U.S.C. § 844. On April 5, 2005, Judge McKeague sentenced Clark to 110 months in prison for the felon in possession charge and to a concurrent sentence of 12 months in prison on the crack cocaine possession charge.

Clark filed an appeal with the United States Court of Appeals for the Sixth Circuit, which affirmed the conviction and sentence on February 9, 2007. *See United States v. Alexander,* 217 Fed. Appx. 417 (6th Cir. 2007). The mandate in the appeal was issued on March 28, 2007. On March 17, 2008, Clark timely filed this § 2255 motion.

II

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)), cert. den. 546 U.S. 885 (2005).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" excusing his double procedural default and "actual prejudice" resulting from the errors of which he complains or (2) "actual innocence." *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 621-22 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro,* 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions

rather than statements of fact." *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)), cert. den. 128 S.Ct. 2944 (2008).

**A.     Counsel Was Not Ineffective**

Clark alleges that his attorney, Sharon A. Turek, provided ineffective assistance by (1) failing to advise him of his potential sentence before his guilty plea and (2) failing to research an alleged error in the recitation of his criminal history. The files and records in this case conclusively show that Clark is not entitled to relief.

In *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691.

3

To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. To determine if the defendant was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993).

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States,* 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland,* 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland,* 466 U.S. at 697.

In the context of a plea process, the second *Strickland* prong, the "prejudice" requirement, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

### 1. Counsel Did Not Fail to Inform Petitioner Regarding Sentencing Exposure

Contrary to Clark's claim that his attorney failed to advise him of the sentencing guidelines or the potential maximum sentence that he faced, the files and records in this case demonstrate that Clark was informed on numerous occasions of the charged offenses and the maximum penalties for the offenses.

The Plea Agreement, which Clark signed, lists the charges and the potential maximum sentences for each charge. Specifically, paragraph 3 of the plea agreement is entitled, "Defendant Understands the Penalties" (Dkt 36, ¶ 3).

The plea transcript indicates that Judge McKeague specifically asked Clark if he understood the charges against him and if he was fully satisfied with the advice he received from his attorney (Dkt 58, 9). Clark responded "yes" to both questions. (*Id*.) Judge McKeague also informed Clark of the possible penalties he faced, and Clark acknowledged that his attorney discussed the sentencing guidelines with him. (*Id*. at 14-16.)

Last, at Clark's sentencing hearing, Clark acknowledged that he read the Presentence Investigation Report and discussed it with his attorney (Dkt 59, 2). The Presentence Investigation Report includes a recommended sentencing guideline range of 110-132 months of imprisonment.

In sum, Clark was fully aware of the charges and the maximum potential sentence he faced. Therefore, the Court concludes that Clark's counsel's performance was not deficient.

### 2. Counsel Did Not Fail to Research an Alleged Error in the Recitation of Clark's Criminal History

Clark claims that defense counsel also failed to research an alleged error in the recitation of his criminal history, an error that resulted in a longer prison sentence. The recitation of Clark's criminal history identified two prior felony convictions, a controlled substance offense and a conviction for third-degree fleeing and eluding (Dkt 49). Clark claims that had his attorney investigated, she would have discovered that his conviction was for fleeing and eluding in the <u>fourth</u> degree, which Clark claims is not a "crime of violence" within the meaning of the Sentencing Guidelines. *See* U.S. SENTENCING GUIDELINES (U.S.S.G.) MANUAL § 4B1.2(a).

Again, the files and records conclusively show that Clark is not entitled to relief on his claim.

5

Specifically, the January 16, 2002 Judgment of Sentence entered in Kent County Circuit Court confirms that Clark was convicted of fleeing and eluding in the third degree in violation of MICH. COMP. LAWS § 257.602a(3)(b) (Dkt 98, Exh A). Third-degree fleeing and eluding constitutes a crime of violence. *See United States v. Richardson,* 437 F.3d 550, 556 (6th Cir. 2006); *United States v. Martin*, 378 F.3d 578, 582-83 (6th Cir. 2004) (concluding that fleeing and eluding inherently "involves conduct that presents a serious potential risk of physical injury to another").

Clark's defense attorney was not ineffective in failing to object to the proper recitation of his criminal history, nor was she ineffective in failing to object to the proper application of the sentencing enhancement.

**B.    No Sentence Reduction**

Last, Clark argues that he is entitled to a sentence reduction pursuant to Amendment 599 of U.S.S.G. § 2K2.4. Clark did not raise this claim in his direct appeal. A criminal defendant must generally raise all claims of error in his first appeal of right, upon pain of waiver. *See Frady*, 456 U.S. at 165. Consequently, a defendant who has failed to raise an issue on direct appeal is barred from raising it in a § 2255 motion unless he first shows cause to excuse his failure to do so and actual prejudice resulting from the alleged violation. *Id.* at 167-69; *see Farley*, 512 U.S. at 354. A defendant must demonstrate both cause and prejudice in order to overcome the procedural bar.

To show cause, Clark must point to "some objective factor external to the defense" that prohibited him from raising his claims on direct appeal. *See Murray*, 477 U.S. at 488. To show prejudice, he must demonstrate an error that worked to his actual and substantial disadvantage. *See Frady*, 456 U.S. at 170. Clark did not raise this claim on appeal and has not established cause and

prejudice for his failure to raise this issue in his direct appeal. Therefore, his claim is procedurally defaulted.

Even assuming Clark adequately preserved his argument, the argument lacks merit. Amendment 599 to U.S.S.G. § 2K2.1(b)(5) applies only to convictions under 18 U.S.C. § 924(c). *United States v. Friend*, 303 F.3d 921, 922 (8th Cir. 2002); *Little v. United States,* 76 Fed.Appx. 671, 672 (6th Cir. 2003) (unpublished decision). Clark was neither charged with nor convicted of a § 924(c) violation.

### III

The files and records in this case conclusively show that Clark is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Clark's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Clark's claims was debatable or wrong. Therefore, the Court denies Clark a certificate of appealability as to each issue presented.

A separate Order will issue.


Date: November 5, 2008         /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge